IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALLCARRIER WORLDWIDE SERVICES, INC., | * * * | |
| Plaintiff, | * * | |
| | * | Civil Action No. AW-11-cv-01714 |
| v. | * * | |
| UNITED NETWORK EQUIPMENT DEALER ASSOCIATION, *et al.*, | * * * | |
| Defendants. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Memorandum Opinion

The matter before the Court is Defendants United Network Equipment Dealer Association ("UNEDA"), John Stafford ("Stafford"), and Conrad Vickroy ("Vickroy")'s motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction. *See* Doc. No. 12. The Court has reviewed the motion papers and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2010). For the reasons articulated below, Defendants' motion to dismiss the Complaint will be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a membership agreement between Plaintiff Allcarrier Worldwide Services, Inc. ("Worldwide") and Defendant UNEDA. UNEDA is a non-profit corporation incorporated in the State of Nebraska with its principal place of business in Omaha, Nebraska. Doc. No. 12, Ex. 2 at 1. UNEDA does not do business in Maryland, maintains no employees or offices in Maryland and does not contract to provide goods in Maryland. *Id.* at 4-5, 9, 11. However, UNEDA runs a website in which its members from around the world post information

to buy and sell used computer equipment. *Id.* at 12. Plaintiff is a Maryland corporation with its principal place of business in Montgomery County, Maryland. Comp. ¶ 1. Plaintiff became a member of UNEDA in 2006 when Plaintiff agreed to the terms of UNEDA's membership agreement. *Id.* at 6.

Plaintiff was a member in good standing until about April 2011, when Plaintiff was notified of an allegation that it had disseminated a UNEDA Network Equipment List posting to a non-member of the association. *Id.* at 13. Plaintiff disputes the allegation. *Id.* On April 21, 2011, a notice of indefinite suspension was e-mailed to Plaintiff advising that "at a meeting today, the UNEDA Board voted unanimously to indefinitely suspend All carrier/Spyder Systems from UNEDA for violation of Code of Ethics, Article 1 and Article 2 due to conduct inconsistent with the purpose of the Association." *Id.* On May 31, 2011, Plaintiff received an e-mail advising that it had been removed from UNEDA. *Id.* at 17.

Plaintiff alleges that its removal was unjustified and impaired its ability to engage in business with other members of UNEDA and use the resources available through its membership in UNEDA. *Id.* at 19. Plaintiff brought this six-count action on June 16, 2011 in the Circuit Court for Montgomery County, and it was subsequently removed to this Court on June 22, 2011. Count one seeks a permanent injunction, based on three theories: (1) UNEDA removed Plaintiff with the knowledge that the action was wrongful and with malicious intent to impair Plaintiff's business and prospective advantage; (3) UNEDA flagrantly and willfully violated the policies and regulations of the UNEDA Code of Ethics and violated the laws and regulations of the United States and the State of Maryland; and (3) UNEDA failed to perform in good faith pursuant to the policies and regulation of the UNEDA Code of Ethics. Count two seeks specific performance for breach of contract; count three seeks a declaratory judgment; count four raises

tortious interference with a prospective advantage; count five alleges breach of fiduciary duty; and count 6 alleges a civil conspiracy on the grounds that Defendant John Stafford, president of UNEDA, and Defendant Conrad Vickroy, member of the Board of Directors and chairman of the Dispute Resolution Committee, entered into an agreement to use the Board of Directors as a means to remove Plaintiff. Defendants move to dismiss Plaintiff's Complaint on the ground that the Court lacks personal jurisdiction over them.

## II. STANDARD OF REVIEW

When a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving grounds for jurisdiction by a preponderance of the evidence. *Mylan Laboratories, Inc. v. Akzo, N.V.,* 2 F.3d 56, 59–60 (4th Cir.1993). This burden requires the plaintiff to produce competent evidence to sustain jurisdiction, including, for example, sworn affidavits. *Nichols v. G.D. Searle & Co.,* 783 F. Supp. 233, 235 (D. Md. 1992). If the jurisdiction issue is decided without a hearing, the plaintiff is required only to make a *prima facie* showing of jurisdiction. *Mylan,* 2 F.3d at 60.

In determining the existence of jurisdiction, the court should draw all "reasonable inferences" from the proof offered by the parties in the plaintiff's favor. *Id.* at 62. This does not mean, however, that the courts must "look solely to the proof presented by the plaintiff in drawing such inferences." *Id.* Rather, the court must consider "all relevant pleading allegations in the light most favorable to the plaintiff," and draw reasonable inferences therefrom. *Id.*

## III. ANALYSIS

This Court may exercise personal jurisdiction over Defendants if doing so complies with the law of the forum state and the Fourteenth Amendment. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). Thus, Plaintiff must show that two conditions are satisfied: (1) jurisdiction must be authorized under Maryland's long-arm statute, MD. CODE ANN., CTS & JUD. PROC., § 6-103, and (2) jurisdiction must be consistent with constitutional due process requirements. The Court will first consider whether, pursuant to Maryland's long-arm statute and constitutional due process requirements, it has personal jurisdiction over Defendant UNEDA. The Court will then proceed to analyze whether it has personal jurisdiction over Defendants Stafford and Vickroy (collectively "Individual Defendants").

Plaintiff asserts that personal jurisdiction is proper under three sub-sections of the Maryland long-arm statute. *See* Md. Code Ann., Cts & Jud. Proc., § 6-103(b)(1), 6-103(b)(2) and 6-103(b)(4). Each of these sub-sections only permits jurisdiction over causes of action "arising from" the enumerated acts. § 6-103(a). Maryland courts, as well as federal courts applying Maryland's law of personal jurisdiction, often assert that the long-arm statute "is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution," and therefore that the "statutory inquiry merges with [the] constitutional inquiry." *Carefirst*, 334 F.3d at 396-97.

Under a due process analysis, a court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has "minimum contacts" with the forum, such that to require the defendant to defend its interests in that state "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal quotation omitted). Courts have recognized two types of personal jurisdiction:

general and specific jurisdiction. *See, e.g.*, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). General jurisdiction is proper where a defendant's contacts with the forum are "continuous and systematic." *Id.* at 416. Plaintiff argues the Court has both general and specific jurisdiction over Defendants. Because the level of contacts required for the exercise of general jurisdiction is "significantly higher" than that required for the exercise of specific jurisdiction, the Court will engage in a specific jurisdiction inquiry before reaching the issue of general jurisdiction. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997).

    A.    <u>Whether Specific Personal Jurisdiction over UNEDA is Proper Pursuant to Maryland's Long-Arm Statute</u>

Specific jurisdiction is appropriate when: "(1) the defendant purposely directed its activities toward residents of Maryland or purposely availed itself of the privilege of conducting activities in the state; (2) the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the forum's exercise of personal jurisdiction in the case is reasonable, that is, consistent with traditional notions of fair play and substantial justice." *Cole-Tuve, Inc. v. Am. Mach. Tools Corp.*, 342 F. Supp. 2d 362, 366 (D. Md. 2004) (internal quotation omitted).

Accordingly UNEDA can be held subject to specific jurisdiction in Maryland only if (1) UNEDA purposefully availed itself of the privilege of conducting activities in Maryland, (2) Plaintiff's claims arise out of those activities, and (3) the exercise of personal jurisdiction would be constitutionally "reasonable." *See Carefirst*, 334 F.3d at 397. In conducting this inquiry, we direct our focus to "the quality and nature of [UNEDA's Maryland] contacts." *Nichols v. G.D. Searle & Co.*, 783 F. Supp. 233, 238 (D. Md. 1992), *aff'd*, 991 F.2d 1195 (4th Cir. 1993).

In the case at bar, the Court must consider how specific jurisdiction applies where an out-of-state defendant has acted outside of the forum in a manner that injures someone residing in the forum. In *Calder v. Jones*, 465 U.S. 783, 789-90 (1984), the Supreme Court held that a court may exercise specific personal jurisdiction over a nonresident defendant acting outside of the forum when the defendant has intentionally directed his tortious conduct toward the forum state, knowing that that conduct would cause harm to a forum resident. *See also ESAB Group*, 126 F.3d at 625-26 (emphasizing that the defendant must expressly direct its conduct toward the forum state and finding no specific jurisdiction where the defendant focused its activities more generally on customers located throughout the United States and Canada).

Plaintiff argues that UNEDA aimed its conduct at the forum state of Maryland in several ways. First, Plaintiff alleges that UNEDA runs an "interactive" website that is accessible to members from the state of Maryland. Second, about 5% of UNEDA's members are Maryland residents who pay annual dues ranging from $600 to $1,100, in exchange for full access to the website. Plaintiff contends that because UNEDA accepts membership fees from Maryland residents in exchange for access to its website, UNEDA transacts business and provides services in the State of Maryland. Plaintiff further contends that because it signed a membership agreement with UNEDA granting Plaintiff access to the website, UNEDA contracted to supply services in Maryland. Plaintiff alleges that specific jurisdiction is proper because Defendants' tortious conduct in revoking Plaintiff's membership arises from these contacts.

However, the Court finds that Plaintiff's application of personal jurisdiction to these facts is too broad to comport with the requirements of the long-arm statute or due process. First, Plaintiff conflates the activities of UNEDA's members, who use UNEDA's website to transact business and provide services, with UNEDA itself. UNEDA is a non-profit corporation that

merely provides its members access to a website in which the members, not UNEDA, engage in business transactions for the buying and selling of used computer equipment. The website itself may be interactive in that members solicit each other for business. However, UNEDA itself plays only a passive role, establishing and regulating membership in the organization and granting access to members internationally, including in Maryland. Plaintiff alleges that UNEDA solicits members from Maryland but has provided no facts supporting a directed outreach or "manifest intent" of targeting Maryland. *See Carefirst*, 334 F.3d at 400. Moreover, Individual Defendants state that UNEDA has never initiated sending out mailings, e-mails, or other forms of communications seeking membership in UNEDA and that UNEDA merely "maintains a public website . . . accessible anywhere in the world," that contains "information for prospective members interested in joining UNEDA." Doc. No. 12 Ex. 2 at 2.

Mere maintenance of a public website that accepts members from across the globe is insufficient to establish minimum contacts with a particular state in which that website might be accessed. In *ALS Scan, Inc. v. Digital Service Consultants, Inc*., the Fourth Circuit grappled with questions of personal jurisdiction in light of the (then) still-burgeoning internet technology. *See* 293 F.3d 707 (4th Cir. 2002). In *ALS Scan*, the court held that where "the only direct contact that [the defendant] had with Maryland was through the general publication of its website on the Internet," the defendant could not be found to have "direct[ed] its electronic activity specifically at any target in Maryland," "manifest[ed] an intent to engage in business or some other interaction in Maryland" and that "none of its conduct in enabling a website created a cause of action in Maryland." *Id.* at 715.

Although UNEDA similarly maintains a public website, the case at bar differs from *ALS Scan* in that Plaintiff, along with 13 other Maryland residents, paid membership dues to UNEDA

in order to gain full access to UNEDA's website. However, the Court declines to find that the mere payment by a Maryland resident of membership dues to a non-resident, non-profit organization would subject that organization to personal jurisdiction in Maryland. Moreover, Plaintiff does not contend that UNEDA transacts business and provides services in the state of Maryland any more than it does in every other state or country in which its 267 members reside, but surely Plaintiff would not contend that UNEDA is subject to personal jurisdiction in every state in which it has a member. To find that the Court has personal jurisdiction here, based on mere membership dues to an organization, would eviscerate the personal jurisdiction requirements of the long-arm statute and the due process clause. *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 400-01 (4th Cir. 2003) (finding no "manifest intent" of targeting Maryland residents and hence no personal jurisdiction in Maryland where the defendant, an Illinois corporation, maintained a public website which accepted donations from anywhere in the world, and a Maryland resident made a donation).

Because the Court finds that UNEDA did not purposefully avail itself of the privilege of conducting activities in Maryland, it follows that subsections 6-103(b)(1) and 6-103(b)(2) of the Maryland long-arm statute, when interpreted to the limits permitted by the Due Process Clause, cannot confer jurisdiction over UNEDA. Section 6-103(b)(1) authorizes jurisdiction when a person "[t]ransacts any business or performs any character of work or service in the state." Section 6-103(b)(2) confers jurisdiction where a defendant "[c]ontracts to supply goods, food, services, or manufactured products in the State." For the reasons stated above, the Court finds that UNEDA's passive activity in hosting a website that accepts applications from members internationally, is insufficient to subject it to personal jurisdiction in Maryland.

Plaintiff also contends that subsection 6-103(b)(4) of the Maryland long-arm statute confers jurisdiction over UNEDA. Section 6-103(b)(4) authorizes jurisdiction when a defendant "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the state." Plaintiff contends that Defendants' conduct in failing to abide by the Membership Agreement, the Constitution of UNEDA, and the Code of Ethics caused tortious injury to Plaintiff. Because Plaintiff is a Maryland corporation and the injury to Plaintiff occurred in Maryland, Plaintiff urges that personal jurisdiction in Maryland is proper.

However, although the place that Plaintiff feels the alleged injury is "plainly relevant to the [jurisdictional] inquiry, it must ultimately be accompanied by the defendant's own [sufficient minimum] contacts with the state if jurisdiction . . . is to be upheld." *See Carefirst*, 334 F.3d at 401 (citing *Young v. New Haven Advocate*, 315 F.3d 256, 262 (4th Cir. 2002)). Plaintiff must show not only that the harm occurred in Maryland, but that UNEDA "regularly does or solicits business, engages in any other persistent course of conduct" in Maryland or "derives substantial revenue from goods, food, services, or manufactured products used or consumed in the state." Md. Code Ann., Cts & Jud. Proc., § 6-103(b)(4).

As discussed above, Plaintiff has failed to allege facts suggesting sufficient minimum contacts to meet the components of 6-103(b)(4). Plaintiff has not shown that UNEDA targets a Maryland audience; to the contrary, its website is accessible anywhere in the world and does not contain geographically focused information for prospective Maryland members. The mere fact that Maryland members pay annual dues to UNEDA in Nebraska in order to access its website cannot be sufficient to constitute a "persistent course of conduct" in Maryland. Moreover,

9

UNEDA is a non-profit corporation that does not "derive substantial revenue from goods, services, or manufactured products used or consumed" in Maryland. Rather, UNEDA plays a passive role in hosting a website so that its members, located across the globe, may "derive substantial revenue" from other members. Accordingly, the Court finds that it has no specific personal jurisdiction over UNEDA under Maryland's long-arm statute.

      A.      <u>Whether General Personal Jurisdiction over UNEDA is Proper Pursuant to Maryland's Long-Arm Statute</u>

In order to establish general personal jurisdiction, a defendant's activities in the State must have been "continuous and systematic." *Carefirst*, 334 F.3d at 397. The level of contacts required for the exercise of general jurisdiction is "significantly higher" than that required for the exercise of specific jurisdiction. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997). Plaintiff contends that it has established a *prima facie* case for general personal jurisdiction based on *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.* because UNEDA's members-only website is "interactive." In *ALS Scan*, the Fourth Circuit adopted the reasoning of *Zippo*, which has become widely regarded as a leading case on personal jurisdiction in the Internet age. *See ALS Scan*, 293 F.3d at 713. In *Zippo*, the court recognized a "sliding scale" for defining when electronic contacts with a State are sufficient to establish minimum contacts and render a defendant subject to personal jurisdiction. *See Zippo*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). Specifically, the *Zippo* court stated that:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has

> simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

*Id.* (internal citations omitted).

Plaintiff argues that general personal jurisdiction is proper under *Zippo* because UNEDA runs an interactive website in which its members use its online forum buy and sell used network equipment parts. The Court agrees that the buying and selling of used network equipment parts constitutes "the knowing and repeated transmission of computer files over the Internet." *Id.*

However, this case differs from *Zippo* in that here, UNEDA itself is not a party to the electronic transmissions between its members. Thus, the Court must focus on the extent of electronic contacts between UNEDA itself and Maryland residents. This makes sense considering that Plaintiff has not brought claims against the website or its interactive features, but rather is suing the website host for revoking its access to those features. The actions of an organization in merely setting up a website or serving as a web hosting company are generally considered to be passive. *See Carefirst*, 334 F.3d at 401 (finding that "when [defendant] set up its generally accessible, semi-interactive Internet website, it did not thereby direct electronic activity into Maryland with the manifest intent of engaging in business or other interactions within that state in particular."). The Court declines to attribute the repeated transmission of computer files over the Internet between Plaintiff and other UNEDA members to UNEDA itself.

As a result, the Court finds that general personal jurisdiction is not proper under *Zippo* because the interactiveness of UNEDA's website is not the determining factor here. Moreover, as discussed above, Plaintiff has not alleged sufficient minimum contacts with Maryland to establish even specific personal jurisdiction. Accordingly, UNEDA's ties with Maryland, i.e. the fact that it has 15 Maryland members who signed membership agreements and pay annual dues, are not "continuous and systematic" as required for a finding of general personal jurisdiction.

      B.      <u>Personal Jurisdiction over Defendants Stafford and Vickroy</u>

Plaintiff contends that Defendant Stafford, the president of UNEDA, and Defendant Vickroy, a board member and Chairman of the Dispute Resolution Committee, breached their duties of care and loyalty when they voted to remove Plaintiff from UNEDA. However, Plaintiff does not produce any facts suggesting that Individual Defendants have any contacts with the State of Maryland. Moreover, Plaintiff has failed to contest the affidavits of Individual Defendants in which they state that they are not residents of Maryland, transact no business in Maryland, perform no character of work or contract to supply goods, food or services in Maryland, and have no property in Maryland. *See* Doc. No. 12, Ex. 2, 3. Even when construed liberally in accordance with *Mackey*, Individual Defendants' contacts with Maryland are insufficient to satisfy sections 6-103(b)(1), 6-103(b)(2) and 6-103(b)(4) of Maryland's long-arm statute. Accordingly, Defendants' motion to dismiss must be granted as to Individual Defendants due to lack of either general or specific personal jurisdiction.

## IV.    <u>CONCLUSION</u>

Therefore, Defendants' motions to dismiss will be granted. A separate order will follow memorializing these decisions.

| September 22, 2011 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |