**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| ALLCARRIER WORLDWIDE SERVICES, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. AW-11-cv-01714 |
| v. | * | |
| | * | |
| UNITED NETWORK EQUIPMENT DEALER ASSOCIATION, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

*************************************************************************

## Memorandum Opinion

The matter before the Court is Plaintiff's motion for the Court to make additional findings and amend its judgment of September 23, 2011 dismissing the instant action for lack of personal jurisdiction. *See* Doc. No. 19. The Court has reviewed the motion papers and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2010). For the reasons articulated below, Plaintiff's motion will be denied.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a membership agreement between Plaintiff Allcarrier Worldwide Services, Inc. ("Worldwide") and Defendant UNEDA. UNEDA is a non-profit corporation incorporated in the State of Nebraska with its principal place of business in Omaha, Nebraska. Doc. No. 12, Ex. 2 at 1. UNEDA does not do business in Maryland, maintains no employees or offices in Maryland and does not contract to provide goods in Maryland. *Id.* at 4-5, 9, 11. However, UNEDA runs a website in which its members from around the world post information to buy and sell used computer equipment. *Id.* at 12. Plaintiff is a Maryland corporation with its

principal place of business in Montgomery County, Maryland. Compl. ¶ 1. Plaintiff became a member of UNEDA in 2006 when Plaintiff agreed to the terms of UNEDA's membership agreement. *Id.* at 6. Plaintiff brings allegations related to its removal from UNEDA, which occurred on May 31, 2011. *Id.* at 19.

Plaintiff brought this six-count action on June 16, 2011 in the Circuit Court for Montgomery County. *See* Compl. Plaintiff subsequently moved for a temporary restraining order ("TRO") against Defendants. *See* Doc. No. 3. The Court denied the motion after a hearing in which Defendants appeared and filed two affidavits asserting various defenses to the TRO, including lack of personal jurisdiction. *See* Doc. No. 19 Ex. 2 at 2; Ex. 3 at 2. On June 22, 2011, Defendants removed the instant action to this Court. *See* Doc. No. 1. Shortly thereafter, Defendants moved to dismiss Plaintiff's complaint on the ground that the Court lacked personal jurisdiction over them. *See* Doc. No. 12. The Court granted Plaintiff an extension of time to file its opposition brief. *See* Doc. Nos. 13-14. Plaintiff subsequently filed an opposition brief that raised several arguments. Nowhere in its opposition brief did Plaintiff provide evidence, argue, or otherwise suggest that Defendants had waived the defense of lack of personal jurisdiction in the Circuit Court in responding to Plaintiff's motion for a TRO.

Finding that the Court did not have personal jurisdiction over Defendants, the Court dismissed the instant action on November 23, 2011. Plaintiff subsequently filed the present motion pursuant to Federal Rules of Civil Procedure 52(b) and 59(e), contending that Defendants made a general appearance in the Circuit Court when arguing against the TRO and had waived the defense of personal jurisdiction at that time.

## II.   <u>STANDARD OF REVIEW</u>

Rule 52(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "on a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59."

In the Fourth Circuit, a Court can amend an earlier judgment pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002).  Reconsideration is, however, an extraordinary remedy.  *Pac. Ins. Co. v. Am.. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998).

### III.   <u>ANALYSIS</u>

Plaintiff contends that the Court should make additional findings of fact pursuant to Rule 52(b) because Defendants entered a general appearance in the Circuit Court and thus waived their right to object to personal jurisdiction.  Plaintiff contends that because Defendants waived the issue of personal jurisdiction, the Court should amend its judgment pursuant to Rule 59(e) to correct a clear error of law and manifest injustice.

The Court finds no manifest injustice here. Plaintiff has not provided this Court with a transcript of the Circuit Court hearing from which the Court could make additional findings and infer that Defendants made a general appearance. Plaintiff has merely provided the affidavits filed by Defendants in opposition to the TRO, in which Defendants challenge personal jurisdiction. *See* Doc. No. 19 Ex. 2 at 2; Ex. 3 at 2. Plaintiff's contention that the Court's ruling constitutes a "clear error of law" and "manifest injustice" falls hollow where Plaintiff failed to raise these arguments in its opposition to Defendants' motion to dismiss for lack of personal

jurisdiction. The Fourth Circuit has made clear that "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (citations omitted).  Because the Court finds no clear error of law or manifest injustice and has not been provided with new evidence upon which to make additional findings, it denies Plaintiff's motion to make additional findings and amend the Court's earlier judgment.


IV.    **<u>CONCLUSION</u>**

Therefore, Plaintiff's motion to make additional findings and amend the Court's judgment is denied. A separate order will follow.


    November 29, 2011                         /s/
              Date                          Alexander Williams, Jr.
                                        United States District Judge